WILLIAM H. CAMP, Respondent, v. JAMES J. TREANOR et al., Appellants.

Plaintiff and defendants, as sub-contractors, furnished material and labor in the construction of a building and filed liens therefor: the contractor having failed and abandoned the contract, and the owner having advertised for bids for the completion of the work, they agreed that they would each put in bids. Plaintiff's bid was accepted, and the parties thereupon entered into a contract, pursuant to the terms of which a committee of their number was selected with power to carry on the work, make all necessary contracts for labor and materials, and certain of the defendants became plaintiff's bondsmen. To these bondsmen plaintiff assigned his interest in the payments, which was to be used in defraying the expenses of performance, and it was agreed that out of the payments should first be paid all just claims for material and labor, and if any surplus remained it was to be equally divided among the parties, except that plaintiff was to receive as his share ten per cent of the actual cost of the labor and materials. If a deficiency resulted, the parties agreed "to pay the same in the same proportion as the surplus was to have been divided." The performance of plaintiff's contract with the owner resulted in a loss. In an action upon the contract with defendants, plaintiff claimed that, notwithstanding the loss, he was entitled to the specified percentage. Held, untenable; that the enterprise was a joint one and the parties engaged in it occupied in respect to it the relation of co-partners; that only in case of a surplus was plaintiff entitled to anything.

Plaintiff, under contract with the committee, furnished a portion of the required material and labor. Held, that he was entitled to recover a balance unpaid therefor.

(Argued March 22, 1894; decided June 5, 1894.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made

January 3, 1893, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin Yates* for appellants.    There was not any profits realized upon Camp's contract with Long Island City, and as his ten per cent was payable out of the profits, he was not entitled to any judgment against the defendants. (*Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; *Clark* v. *Devoe*, 124 id. 120; *Bank of Montreal* v. *Recknagel*, 109 id. 482; *Englehorn* v. *Reitlinger*, 122 id. 76; *Coleman* v. *Beach*, 97 id. 545; *Jennery* v. *Olmstead*, 90 id. 363; *Russell* v. *Allerton*, 108 id. 288; *Woodruff* v. *R. & P. R. R. Co.*, Id. 39; *N. W. M. L. Ins. Co.* v. *Mooney*, Id. 113.)    There is no proof that the contract made by Camp with Mehrhoff was performed in accordance with its terms. (*Byron* v. *Low*, 109 N. Y. 291; *Thompson* v. *Stewart*, 132 id. 580; *Sweep* v. *Morrison*, 116 id. 19; *Flaherty* v. *Miner*, 123 id. 382.)    The plaintiff had no right to abandon his contract as the defendants, under the terms of the contract, were not required to furnish any money to carry on the same. (*Marsh* v. *Masterson*, 101 N. Y. 401.)    The defendants should be credited with the sum found due to the plaintiff, namely, $1,000, the difference between the amount received by Mehrhoff from the city and the amount paid by him to Mr. Camp. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205.)

*Hector M. Hitchings* for respondent.    The defendants cannot defeat plaintiff's claim upon the ground that plaintiff did not complete, inasmuch as they rendered it impossible for him to do so by failing to furnish the means. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205; *Moses* v. *Bierling*, 31 id. 462; *Fleming* v. *Gilbert*, 3 Johns. 528; *Jugla* v. *Trouttet*, 120 N. Y. 21–28; *Weaver* v. *Bentley*, 1 Caines, 47; *Smith* v. *McCloskey*, 45 Barb. 610; *Belshaw* v. *Colie*, 1 E. D. Smith, 213; *S. S. Co.* v. *Holbrook*, 101 N. Y. 48, 59; *Larkin* v. *McMullin*, 120 id. 206; *Van Clief* v. *Van Vechten*,

48 Hun, 304; *Wright* v. *Roberts*, 43 id. 413.) The defendants' attempt to show that the contract did not express the meaning of the parties was a total failure. To entitle a party to a reformation of a contract on the ground of mistake, the mistake must be mutual and must have been shared in by the plaintiff as well as by the defendants. (*Avery* v. *E. L. Ins. Co.*, 117 N. Y. 451; *Born* v. *Schrenkeisen*, 110 id. 55.)

O'BRIEN, J. The plaintiff brought this action and has recovered upon a contract between the parties bearing date February 24, 1890, made under the following circumstances: In the early part of the year 1889 one Donnelly had a contract with Long Island City for the erection of a school house. He was to furnish the material and labor in the erection of the building for $28,000, payable in five equal payments specified in the contract, each when the work had reached a certain stage mentioned, and the last thirty days after completion. The plaintiff in this action, as well as all the defendants, were sub-contractors under Donnelly to furnish the various materials necessary in the construction of the building, and each had furnished and delivered materials of the value of several thousand dollars, when Donnelly failed and abandoned the contract. The work had reached a stage that, except for the abandonment of the contract, about $10,000 had been earned upon it. The plaintiff and defendants in this action filed liens for their claims, but these liens probably represented nothing unless the payments coming due were earned and payable by the city. The parties to this action were interested in the completion of the building, and the city having advertised for bids for that purpose, the parties to this action all combined and agreed among themselves that they would all put in bids at various amounts, with a view of securing the contract. The motive for this was obvious, for if they or any of them obtained the contract at a low price the surplus payable on the work done by Donnelly would be increased, and would inure to the benefit of the liens, and inasmuch as all had on hand the material they had agreed to furnish the original con-

tractor, there was a chance to make some profit from its use in completing the building. It appears that the plaintiff's bid was the lowest, and after consultation with the defendants, who were interested with him in the matter, he entered into a contract with the city, agreeing to complete the work for $14,000, and two of the defendants became sureties upon his bond. The parties then entered into the agreement upon which this action was based. It recites the facts before stated and is signed by the plaintiff and the defendants. They agreed between themselves to furnish bonds to enable the plaintiff to secure the contract; that a committee of two be selected from the parties with power to make all agreements for labor and materials necessary in the performance of the contract, but to be purchased from the parties themselves if in their line, and to have general charge and supervision of the work. The plaintiff assigned his interest in the payments, as they became due, to his bondsmen, who were to receive the money from the city to be used by them in defraying the expenses of performing the contract, rendering an account to all the parties. Then follows the stipulation which has given rise to this action in this language: "And it is further agreed that out of the payments due or to become due, all just claims for material furnished or labor performed under the said contract with the said city be first paid, and should there be any surplus remaining after the payment of all just claims, then such surplus to be equally divided among the parties herein named, except Mr. William H. Camp, who is to receive as his share an amount equal to 10% of the actual cost of the labor and materials used in the construction of the building as set forth and specified in the contract, and such ten per cent shall be in full settlement of all claims Mr. Camp has or shall have on account of the said contract.

"And at the time of the completion of the contract, if there is any deficiency from any cause whatsoever, then the said parties hereto agree to pay the same in the same proportion as the surplus was to have been divided."

The learned referee has found that there was no profit

made in the contract, but, on the contrary, a very consider-able loss. That a commission of ten per cent on the actual cost of the materials and labor used in the construction of the building was, nevertheless, by the terms of the contract, to be paid to the plaintiff by the defendants whether the con-tract resulted in a profit or loss, and such commission, amount-ing to more than $1,500, was awarded to the plaintiff by the judgment, and the further sum of $932, the unpaid balance on a contract which the plaintiff had with the committee for furnishing and setting the freestone used in the construction of the building. Thus it has been held that the contract imposed an absolute obligation on the defendants to pay the commissions to the plaintiff whether there was a profit or a loss. We think that this view is opposed to the language of the con-tract and all the circumstances of the case. The enterprise was a joint one, and the parties engaged in it, including the plaintiff, occupied with respect to each other the relation of partners. They were to complete the building and to share the profits or bear the loss. The plaintiff's debt against Donnelly was $2,250, and he had the first lien, and, therefore, was interested even more than the defendants in securing the unearned payments on the old contract. There was work done under that contract which had not been paid for, as the contractor had abandoned the contract before the work had reached the payment stage, but the benefit of this work would, under the new agreement, inure largely to the benefit of the plaintiff. No other reason is apparent for providing a different method of measuring the plaintiff's share than the one adopted as to the share of the defendants, unless as a method of com-pensation for services, and nothing was said upon that subject in the contract and there is no finding that there was any agreement to pay such compensation. Whatever was to be paid to the plaintiff under the contract was to come from any surplus remaining after paying for the labor and materials, and there was no such surplus. The defendants did not agree in that event to pay to plaintiff a fixed sum without regard to the result of the enterprise. If the defendants intended to

bind themselves to pay this comparatively large sum in any event to the plaintiff, they would have said so in words so plain as to preclude any argument as to the meaning. The contract provided a method for dividing surplus profits antici- pated but never realized. I think that the correct inter- pretation of the agreement is that in · case of a surplus the plaintiff was to have it to the extent of a certain sum measured by ten per cent of the cost of the material and labor, the balance to be equally divided between the other parties in the enterprise. The reason for adopting this method of measuring the plaintiff's interest is not quite apparent, but the words used will not permit the construction adopted by the learned referee. There is nothing in the language or the circumstances upon which to build a personal promise by the defendants to pay a fixed sum as commissions in any event. It follows that so far as the judgment is based upon such an absolute undertaking it cannot be upheld.

The plaintiff contracted to furnish the freestone and to set the same for a specified sum, that is to say, for $4,000, and was paid from the payments made from time to time by the city to the bondsmen, as assignees, the sum of $3,133. No reason has been suggested why the plaintiff is not entitled to enforce this contract in the same way as any other person who furnished materials or labor for the performance of a contract between the city and the plaintiff, the latter acting, not. for himself, but for the others as well. The contract in form ran to the plaintiff, but it was, in fact, and for all the purposes of the case, the contract of the defendants as well, and the plaintiff is entitled to recover anything due on it for labor or materials. It is claimed on the part of the defendants that the plaintiff, in fact, never fully performed this contract; that he failed to produce the architect's certificate to that effect as the contract required. On the other hand, the plaintiff claims that he abandoned the contract when nearly completed in consequence of the refusal of the defendants to furnish money to go on with the work, and hence the obligation of the defendants to furnish money for the completion of the building, before the

expenditure of all the payments due or to become due from the city disclosed a deficiency is involved. We will not now attempt to solve the questions arising upon this branch of the case. They can be more fully and satisfactorily examined upon a new trial.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except GRAY, J., who dissents as to construction of the contract.

Judgment reversed. _____